IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3006 |
| vs. | ORDER |
| ROBERT KEITH HOPKINS, | |
| Defendant. | |

The defendant has moved the Court to appoint counsel to assist him in pursuing postconviction relief based on alleged ineffective assistance of counsel. Filing 45. An ineffective assistance of counsel claim in a federal case may be asserted in a collateral proceeding under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). And the Court may appoint counsel to represent a § 2255 movant if it "determines that the interests of justice so require." § 2255(g); 18 U.S.C. § 3006A(a)(2)(B). Based on its initial review, the Court finds the defendant is eligible for appointment of counsel pursuant to § 3006A and the Amended Criminal Justice Act Plan for the District of Nebraska, and will grant the defendant's motion to appoint counsel.

The defendant pled guilty to one count of producing child pornography with a "global" plea agreement in which he accepted a 360 month federal sentence and other federal and state charges against him were dismissed. Filing 29. The defendant now argues that he was deprived of effective assistance of counsel because his court-appointed counsel in state court failed to advise him of plea offers that were extended with respect to some of the then-pending state charges. *See* filing 45. That, he suggests, is a colorable-enough

claim of ineffective assistance of counsel to warrant appointment of postconviction counsel to pursue it. *See* filing 45.

Generally, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Missouri v. Frye,* 132 S. Ct. 1399, 1408 (2012); *Ramirez v. United States,* 751 F.3d 604, 607 (8th Cir. 2014). To show a breach of that duty, the defendant must demonstrate a reasonable possibility that he would have accepted the offer if afforded effective assistance of counsel, and a reasonable possibility that the plea would have been entered without the government canceling it or the trial court refusing to accept it. *Frye,* 132 S. Ct. at 1409; *Ramirez,* 751 F.3d at 608.

The Court is somewhat skeptical whether the defendant will, in the end, manage to prove his claim. There's a fair amount of speculation necessary to get from the ineffectiveness the defendant asserts to a better result in *federal* court. But the posture of this case is unusual because of the "global" plea agreement which also disposed of the state charges. The gist of the agreement was that the defendant would accept a higher federal sentence and no state time, as opposed to a lower federal sentence but also doing state time. So the defendant's argument now is essentially that had he been better advised by counsel on the state charges, he would have rejected the "global" deal—which is, in effect, an argument that his federal conviction and sentence resulted from ineffective assistance of counsel.

So while the Court is initially skeptical, it's not so skeptical as to categorically rule out the possibility that, as developed with the help of appointed counsel, the defendant has a potentially colorable claim. In short, given the novel facts of this case surrounding the "global" plea agreement, the Court agrees that the interests of justice require appointment of counsel.

IT IS ORDERED:

1. The defendant's motion to appoint counsel (filing 45) is granted.

2. Tregg Lunn is appointed, and shall promptly enter an appearance as counsel for the above-named defendant.

3. The Federal Public Defender's Office shall provide counsel with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

4. The Clerk shall provide a copy of this order to the Federal Public Defender for the District of Nebraska and to the appointed attorney.

5. The Clerk shall mail a copy of this order to the defendant at his address of record.

Dated this 1st day of July, 2021.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge